IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE A. BURSE, SR., ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 13-705 |
| vs. ) | Magistrate Judge Kelly |
| ) | |
| BOROUGH OF SWISSVALE and DEPARTMENT ) | Re: ECF Nos. 5 and 11 |
| OF TRANSPORTATION, PA, ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Presently before the Court are two motions to dismiss, one filed by Borough of Swissvale ("the Borough") pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 5), and the other filed by Pennsylvania Department of Transportation ("PennDOT") pursuant to Rule 12(b)(1) (ECF No. 11). For the reasons that follow, PennDOT's motion will be granted and PennDOT will be dismissed with prejudice. The Borough's motion will be granted and the Borough will be dismissed without prejudice to Plaintiff submitting an amended complaint by April 17, 2014.

## I. PROCEDURAL HISTORY

Plaintiff filed a pro se motion for leave to proceed in forma pauperis on May 21, 2013 (ECF No. 1). The motion was granted on May 30, 2013, and the marshal was directed to make service upon receipt of the appropriate documents from Plaintiff (ECF No. 2). The Complaint was filed that same date (ECF No. 3). The Complaint is two pages long, one page for each defendant. The first page, naming the Borough as a defendant, states, in its entirety:

> 1) Borough of Swissvale is refusing me an honest living and earning of wages, in the county, state, and the country.
>
> 2) Official oppression, intimidation.

>Jury Trial Please.

(Compl. at 1).

The second page, naming PennDOT as a defendant, states, in its entirety:

> 1) Penn dot of Pennsylvania is refusing to give me a refund.
>
> 2) Is not allowing me to make a living in the state and or the country.
>
> Jury Trial Please.

(Compl. at 2). The Court liberally construes the Complaint as bringing civil rights claims pursuant to 42 U.S.C. § 1983 against the Borough and PennDOT.

On August 7, 2013, the Borough filed a motion to dismiss (ECF No. 5) and on August 21, 2013, PennDOT filed a motion to dismiss (ECF No. 11). Plaintiff filed his brief in opposition on October 15, 2013 (ECF No. 18).

## II. PENNDOT'S MOTION TO DISMISS

PennDOT argues that, regardless of what claim Plaintiff may be attempting to assert, it is entitled to Eleventh Amendment immunity as a state agency. Plaintiff responds that the <u>Ex parte Young</u> exception to Eleventh Amendment immunity applies.

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The United States Supreme Court has stated that the presupposition confirmed by the Eleventh Amendment is that "federal jurisdiction over suits against unconsenting states was not contemplated by the Constitution when establishing the judicial power of the United States." <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996) (internal citation omitted).

> Therefore, unless Congress has "specifically abrogated" the states' sovereign immunity or a state has unequivocally consented to suit in federal court, we lack jurisdiction to grant relief in such cases. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir.1996); id. at 694 n. 2 ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

Christ the King Manor, Inc. v. Secretary U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d Cir. 2013). A motion to dismiss on the ground of Eleventh Amendment immunity "may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." Blanciak, 77 F.3d at 694 n.2.

The immunity applies not only to the state itself, but also to state agents and state instrumentalities. Thus, courts must examine the essential nature and effect of the proceeding, the nature of the entity created by state law or the issue of whether a money judgment against the instrumentality would be enforceable against the state to determine whether the instrumentality should be treated "as an arm of the state." Regents of the University of Calif. v. Doe, 519 U.S. 425, 429-30 (1997).

PennDOT is an arm of the state for Eleventh Amendment immunity purposes. See 71 Pa. C.S. § 61; Nails v. Pennsylvania Dep't of Transp., 414 F. App'x 452, 455 (3d Cir. Feb. 22, 2011); Draper v. Darby Township Police Dep't, 777 F. Supp. 2d 850, 854 (E.D. Pa. 2011). The immunity applies to both federal and state law claims. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984).

The United States Court of Appeals for the Third Circuit has indicated that:

> Eleventh Amendment immunity is, however, subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law. The third exception ... is the doctrine of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.714 (1908).

Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002)

(citation omitted). Pennsylvania has not consented to waive its Eleventh Amendment immunity to being sued in federal court. 1 Pa. C.S. § 2310; 42 Pa. C.S. § 8521(b); Chittister v. Department of Cmty. & Econ. Dev., 226 F.3d 223, 227 (3d Cir. 2000). In addition, the Supreme Court has held that § 1983 does not abrogate states' sovereign immunity. Quern v. Jordan, 440 U.S. 332, 339-46 (1979).

> In his brief in response to the motions to dismiss, Plaintiff indicates that he:
>
> hoped that [PennDOT] might waive [its] Eleventh Amendment immunity and move forward to address the merits of this case without resort to the legal fiction created by Ex Parte Young, 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908). The hope has been dashed making reliance on the Ex Parte Young doctrine necessary.

(ECF No. 18 at 3.)[1]

> The United States Court of Appeals for the Third Circuit has explained that:
>
> The theory behind Young is that a suit to halt the enforcement of a state law in conflict with the federal constitution is an action against the individual officer charged with that enforcement and ceases to be an action against the state to which sovereign immunity extends; the officer is stripped of his official or representative character and becomes subject to the consequences of his individual conduct. The relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective, such as money damages.

MCI Telecommunication Corp. v. Bell Atlantic-Pa., 271 F.3d 491, 506 (3d Cir. 2001) (citations omitted). "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Service Comm'n of Md., 535 U.S. 635, 645 (2002) (citation omitted).

---

[1] Plaintiff responds as if the Borough had also raised an Eleventh Amendment immunity defense, but it did not and local municipalities are not entitled to such immunity. Monell v. Department of Social Servs. of City of N.Y., 436 U.S. 658, 690 n.54 (1978).

4

Plaintiff has not named any individual officer whose future conduct must be enjoined. Rather, he has named only PennDOT, which is immune from suit. Moreover, he refers to obtaining a "refund" and being prevented from "making a living," both of which suggest that he is seeking relief that is "functionally equivalent to damage awards," Christ the King Manor, 730 F.3d at 319, and would be subject to the bar of Eleventh Amendment immunity. Therefore, granting him leave to amend his complaint would be futile. Nails, 414 F. App'x at 455 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). PennDOT's motion will be granted and Plaintiff's claims against PennDOT will be dismissed with prejudice.

## III.   BOROUGH'S MOTION TO DISMISS

The Borough argues that: 1) Plaintiff fails to provide a statement of jurisdiction, a statement of any claim under any federal statute, regulation or law or a statement of the relief he seeks; and 2) the Complaint fails to present any facts to support a viable cause of action against it, but instead merely provides "naked assertions" that are "devoid of further factual enhancement" and that do not put the Borough on notice as to the specific law or laws he alleges were violated, nor the factual grounds upon which a claim would rest.

Plaintiff responds his claims are brought pursuant to 28 U.S.C. § 1331 and that he should be given leave to "amend his complaint and add further factual detail that would eliminate any doubts about the strength of plaintiff's claims." (ECF No. 18 at 4.) He does not indicate what these facts would be or what his claim would allege.

### A.   Standard of Review for 12(b)(6) Dismissal

The Supreme Court has issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual

5

allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010)).

Courts must liberally construe a pro se litigant's pleadings. Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted). In addition, courts must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

**B.     Jurisdiction**

As the Borough observes, the Complaint asserts no jurisdictional basis. In his brief in opposition, Plaintiff cites 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction over all civil matters arising under the Constitution, laws, or treaties of the

6

United States."  However, he has not indicated how the Constitution, laws or treaties of the United States have been violated.  Nevertheless, the Court can liberally construe the Complaint as if it cited 42 U.S.C. § 1983.  See Weaver v. Wilcox, 650 F.2d 22, 26 (3d Cir. 1981) (liberally construing pro se complaint against state actors as if brought under § 1983).  See also Day v. Ibison, 2013 WL 3722329, at *1 (3d Cir. July 17, 2013) (liberally construing pro se complaint against FBI agent as if brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)).

    C.    **Section 1983 Claims**

It is provided in 42 U.S.C. § 1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

The Supreme Court has held that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  "The first step in any such claim is to identify the specific constitutional right allegedly infringed."  Albright v. Oliver, 510 U.S. 266, 271 (1994).  See also Baker, 443 U.S. at 140; Graham v. Connor, 490 U.S. 386, 394 (1989).

Plaintiff's allegations that the Borough is refusing him "an honest living and earning of wages" and engaging in "official oppression [and] intimidation" constitute "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (citations omitted).  These vague statements do not identify the specific constitutional

7

right allegedly infringed, nor do they put the Borough on notice of the claims Plaintiff is trying to raise or the basis for such hypothetical claims. The Complaint is thus subject to dismissal for failure to state a claim upon which relief may be granted.

However, the United States Court of Appeals for the Third Circuit has held that:

> if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Moreover, we have instructed that a district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. Id. Accordingly, even when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. A district court may dismiss the action if the plaintiff does not submit an amended pleading within that time, or if the plaintiff files notice with the district court of his intent to stand on the complaint.

Phillips, 515 F.3d at 245-46 (citations omitted).

In this case, Plaintiff has requested leave to amend. Because the Complaint contains practically no information, the Court cannot determine whether such amendment would be futile. Therefore, Plaintiff will be granted until April 17, 2014, to amend his complaint and he is put on notice that he must provide facts in support of his claim and identify the grounds upon which his claim rests in conformance with the principles identified above.

For these reasons, the motion to dismiss submitted on behalf of PennDOT (ECF No. 11) will be granted and PennDOT will be dismissed with prejudice. The Borough's motion (ECF No. 5) will be granted and the Borough will be dismissed without prejudice to Plaintiff submitting an amended complaint by April 17, 2014.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE A. BURSE, SR., )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>BOROUGH OF SWISSVALE and DEPARTMENT)<br>OF TRANSPORTATION, PA, )<br>    Defendants. )<br>) | Civil Action No. 13-705<br>Magistrate Judge Kelly<br><br>RE: ECF Nos. 5 and 11 |

## **ORDER**

AND NOW, this 17th day of March, 2014,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant Pennsylvania Department of Transportation (ECF No. 11) is granted and this defendant is dismissed with prejudice.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendant Borough of Swissvale (ECF No. 5) is granted and the Borough is dismissed without prejudice to Plaintiff submitting an amended complaint by April 17, 2014.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
United States Magistrate Judge

cc: Tyrone A. Burse, Sr.
7600 Edgewood Avenue – Rear
Pittsburgh, PA 15218

All counsel of record via CM/ECF